O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER McKENNA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO. CV 13-06224 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff Walter Michael McKenna asserts four ways in which the Commissioner of Social Security erred in denying his application for disability benefits. The Court need only discuss the first of those, for the Commissioner's error in that respect requires remand regardless of the outcome as to the other asserted errors.

The Administrative Law Judge found that Plaintiff had acquired work skills from past relevant work and that those were transferable to other occupations with jobs existing in significant numbers in the national economy. [AR 28] In so finding, the Administrative Law Judge did not comply with the regulations and controlling case authority.

The following findings form the basis for the legal error:

　　1.　　In Social Security lingo, Plaintiff was a person of advanced age. He was a few days shy of 56 years old on his date last insured. [AR 28 (birthday of April 3,

1954); AR 22 (date last insured of March 31, 2010)] Under the regulations, a person 55 or older is considered a person of advanced age. 20 C.F.R. § 404.1563(e). The Administrative Law Judge said that Plaintiff was a person "closely approaching advanced age" [AR 28](a category for ages 50-54), but this was wrong, and the parties in this Court have treated the matter as if the Administrative Law Judge had correctly stated that Plaintiff was a person of advanced age.

  2. Plaintiff retained the residual functional capacity to perform sedentary work. [AR 24]

  3. Plaintiff was unable to perform any past relevant work. All of Plaintiff's past relevant work was skilled work. [AR 27-28]

  A person in Plaintiff's position who does not have transferable skills is deemed disabled according to the Medical Vocational Guidelines ("the grids"). 20 C.F.R. Part 404, Subpart P, Appendix 2 at § 201.06. If a person is disabled according to the grids, the grids are controlling. *Cooper v. Sullivan,* 880 F.2d 1152 (9th Cir. 1989). If a person in Plaintiff's position does have transferable skills, then the grids provide that he is not disabled, 20 C.F.R. Part 404, Subpart P, Appendix 2 at § 201.07, and the Administrative Law Judge must determine whether the grids govern and, if not, proceed with vocational expert testimony. Plaintiff asserts that the Administrative Law Judge erred in his assessment of the transferability of Plaintiff's skills, and the Court agrees.

  The governing regulation covering a person with these characteristics provides in pertinent part as follows:

> If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to *sedentary or light work*, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work . . . that you can do despite your impairments(s). We will decide if you have transferable skills

        as follows. If you are of advanced age and you have a severe impairment(s) that limits you to no more than *sedentary* work, we will find that you have skills that are transferable to skilled or semi-skilled sedentary work only if the sedentary work is so similar to your previous work that you would need to make very little, if any vocational adjustment in terms of tools, work processes, work settings, or the industry. . . .

20 C.F.R. § 404.1568(d)(4) (emphasis in original). Plaintiff's previous work was as an HVAC maintenance technician, an exhibit builder and a refrigeration mechanic. [AR 27] The Administrative Law Judge found that Plaintiff could perform the alternate jobs of maintenance scheduler and maintenance dispatcher. [AR 28] However, he made no determination as to whether these jobs were "so similar to your previous work that you would need to make very little, if any vocational adjustment in terms of tools, work processes, work settings or the industry." 20 C.F.R. § 404.1568(d)(4). He did not identify the skills that Plaintiff had gained from his past relevant work. He also did not identify any tools, work processes, work settings or industries for the alternate jobs.

        In *Bray v. Commissioner of Social Security*, 554 F.3d 1219 (9th Cir. 2009), the Court of Appeals held that this failure to make such specific findings was error, requiring a remand to the agency. The Commissioner seeks to distinguish *Bray* on two grounds. Neither is persuasive.

        First, the Commissioner says that unlike in *Bray*, here the vocational expert's testimony was not brief. But *Bray* made clear that it was the findings of the administrative law judge that the Court must review, "not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray*, 554 F.3d at 1225-26, citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947); *see also Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991).

Brief or not, the testimony of a witness, even an expert witness, does not substitute for the findings of the agency.

Second, the Commissioner says that, unlike in *Bray*, the Administrative Law Judge's decision was not silent on "whether the particular skills that the VE identified would be transferable . . . .[T]he ALJ questioned the VE at the hearing on the transferability of Plaintiff's skills to other work, and then made a specific finding in the decision that Plaintiff had acquired work skills from past relevant work. (AR 28 ¶8.)" (Joint Stipulation at 9:5-10) As noted, however, the decision *is* silent on any specific findings, such as what transferable skills Plaintiff has, and how those skills could be transferable to the alternate jobs. Even assuming that the decision somehow could incorporate the "not brief" testimony of the vocational expert, moreover, the findings still would be insufficient. Like the Administrative Law Judge, the vocational expert — although he said Plaintiff had transferable skills [AR 102] — did not identify what those skills were. The closest he came was in response to questions from Plaintiff's attorney:

> Q.  . . . What are those skills that are transferable from, you know, heavy and medium to the sedentary? I know they are in the same kind of industry, but what are the specific skills that transfer?
>
> A.  The specific skills have to do with the job that he's been doing, the fabrication, installation and repair of this equipment. In scheduling the work he has those skills. He also used a computer on the job.

[AR 104]  Further on, however, he did not appear to assert that the skills were the ability to fabricate or install or repair equipment, but rather that Plaintiff would have knowledge of those tasks and be able to use that knowledge in other jobs. [AR 105-06] This itself is questionable. *Cf. Villano v. Astrue*, 556 F.3d 558, 563-64 (7th Cir. 2009) ("judgment"

acquired from past work is not a "skill.")  The jobs he identified were not jobs using the skills of fabricating, installing and repairing, but rather were maintenance scheduler and maintenance dispatcher.  [AR 38-39]

The regulations are much more precise, however:

> Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced.  Skilled work may require laying out work, estimating quality, determining the suitability and needed quantities of materials, making precise measurements, reading blueprints or other specifications, or making necessary computations or mechanical adjustment to control or regulate the work.  Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity.

20 C.F.R. § 404.1568(c). A maintenance scheduler or dispatcher might involve skills that "require dealing with people, facts, or figures or abstract ideas at a high level of complexity."  A person who has been doing the "fabrication, installation and repair of this equipment" [AR 104] might have different skills, and mere knowledge might not make the skills transferable.  *See* 20 C.F.R. § 404.1568(d)(2) (transferability most probable and meaningful if same or lesser degree of skill required, same or similar tools and machines used, and same or similar raw products used).  Furthermore, there are degrees of transferability of skills, ranging from very close similarities to remote and incidental similarities among jobs, 20 C.F.R. § 404.1568(d)(3)  and, for a person of Plaintiff's age, there must be "very little, if any vocational adjustment required in terms of tools, work processes, work settings, or the industry."  20 C.F.R. Part 404, Subpart P Appendix 2 at

201.00(f). And the fact that Plaintiff used a computer reveals nothing; everyone uses a computer, but not everyone is adept at different programs or processes, or can learn new programs or processes just because they use a computer — the same way that the fact that a person knows how to use a telephone does not mean that he has transferable skills to be a dispatcher.

In short, the requisite findings that *Bray* requires cannot be located by importing the vocational expert's testimony into the decision of the Administrative Law Judge, even if *SEC v. Chenery* and *Ceguerra* would allow it. The Commissioner's efforts to escape from *Bray*'s holding thus are unsuccessful. *See also Renner v. Heckler*, 786 F.2d 1421 (9th Cir. 1986).

In light of the foregoing, the decision of the Commissioner cannot stand. Accordingly, the matter is remanded for further proceedings consistent with this opinion. The Court's disposition makes it unnecessary to resolve the other complaints of error which Plaintiff makes on this appeal. On remand, however, the Commissioner may well wish to revisit those areas as well.

IT IS SO ORDERED.

DATED: October 15, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE